IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TOMMYE IKENA ANDERSON, III, Individually and on Behalf of THE ESTATE OF TOMMIE IVORY ANDERSON, | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-1685-FB |
| EMWOOD CORPORATION d/b/a WOOD MEDICAL SUPPLY; PRIDE MOBILITY PRODUCTS CORP.; and JOHN DOE COMPONENT PART MANUFACTURERS 1-10, | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on June 12, 2026 (ECF No. 30), which recommends that the case be remanded to the 131st District Court of Bexar County, Texas, for lack of subject matter jurisdiction. According to the CM/ECF system, the Report and Recommendation was electronically transmitted to all parties on or about June 12, 2026. To date, the CM/ECF system reflects no objections to the Report and Recommendation have been filed.[1]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that this case shall be REMANDED to the 131st Judicial District Court of Bexar County, Texas, for lack of subject matter jurisdiction.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on June 12, 2026 (ECF No. 30), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that this case is REMANDED to the 131st Judicial District Court of Bexar County, Texas, for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of the Court send a certified copy of this order to the clerk of the state court and close this case.

It is so ORDERED.

SIGNED this 31st day of August, 2026.

________________________________________
FRED BIERY
UNITED STATES DISTRICT JUDGE